No. 3295

Second Circuit

———

J. H. McMAHON & CO., INC., v. WINN MOTOR COMPANY, INC.

———

(June 28, 1928.   Opinion and Decree.)
(July  14, 1928.   Rehearing Refused.)

———

(*Syllabus by the Editor*)

1. **Louisiana Digest—Damages—Par. 96; Privilege—Par. 10.**

One who converts to his own use an automobile on which another has a lien or privilege is liable in damages to the holder of the lien or privilege but the value of the automobile at the time and place of conversion is the limit of recovery.

2. **Louisiana Digest—Damages—Par. 80, 81, 88.**

Where there is no allegation or proof as to the value of the property converted which proof is necessary to show the amount of damages, there can be no recovery.

Appeal from the Eighth Judicial District Court, Parish of Winn. Hon. F. E. Jones, Judge.

Action by J. H. McMahon & Company, Inc., against Winn Motor Company, Inc.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

Hawthorn & Stafford, of Alexandria, and J. L. Pitts, Jr., of Winnfield, attorneys for plaintiff, appellee.

R. W. Oglesby, of Winnfield, attorney for defendant, appellant.

WEBB, J.  The plaintiff, J. H. McMahon & Company, Inc., instituted this action against the defendant, Winn Motor Company, Inc., to recover judgment on an alleged indebtedness of one hundred and ten dollars, with eight per cent per annum interest thereon from October 30, 1926, and twenty-five per cent on the principal sum and interest, as attorney's fees, and defendant appeals from a judgment rendered against it for the full amount claimed with interest and attorney's fees.

Plaintiff alleges that the Scott Cain Motor Company, Inc., of Allen parish, sold to Ben Conston, also of Allen parish, an automobile and for a portion of the purchase price Conston gave a note dated October 30, 1925, bearing eight per cent per annum interest and stipulating for twenty-five per cent attorney's fees, secured by chattel mortgage on the automobile, which mortgage was duly recorded in Allen parish; that plaintiff acquired the note in due course for value and before maturity and that Conston, after making several payments on the note, had, with the consent of plaintiff, sold the automobile to George Sweetman, who assumed the payment of the note and who made payments on the note, reducing the amount to one hundred and ten dollars. That Sweetman, without the consent of plaintiff, moved the automobile from Allen parish and drove it to Winn parish, where he purchased tires from the Winn Motor Company, Inc., on credit and that on the failure of Sweetman to pay for the tires the Winn Motor Company, Inc., took the automobile from Sweetman in order to collect the amount due on the tires, and that Sweetman at that time was not a resident of Winn parish and that the Winn Motor Company, Inc., had thereby become liable for the amount due on the note secured by mortgage on the car.

Plaintiff further alleges that Conston and Sweetman had left the state and could not be found, and that both of them were insolvent and the only recourse it had for the collection of the note was the automobile on which it had a vendor's lien and chattel mortgage, and that the Winn Motor Company, Inc., after taking possession of the car, had sold it, and plaintiff had been unable to locate the automobile, and that plaintiff had been deprived of its security and the Winn Motor Company, Inc., had become responsible for the balance due on the purchase price of the car, etc.

Defendant excepted that the petition failed to state a cause of action, which being overruled, it answered denying plaintiff's allegations, with the exception as to its having obtained possession of the car, alleging that it had sold tires to Sweetman on credit, who was a resident of Grant parish, and had taken a note for the price, secured by mortgage on the automobile, which mortgage had been duly recorded in Grant Parish, and that Sweetman had failed to pay the note and without its consent had removed the car to Rapides parish where defendant had obtained possession of the car and, after waiting some time for Sweetman to appear, it had sold the car, and alleged that all of the transactions had between it and Sweetman with reference to the automobile were in good faith and without any knowledge of plaintiff's claim.

The evidence established the facts to have been substantially as alleged by the parties, and appellant urges that the judgment should be reversed, first, for the reason that the exception of no cause of action filed by it in the trial court and also filed in this court should be sustained, and that its action in taking possession of the automobile and its subsequent sale did not render it liable under the chattel mortgage law for plaintiff's debt, and it being shown that it was without knowledge of any privilege or claim of plaintiff against the car, its action did not render it liable to plaintiff under the general law for the amount of plaintiff's claim against the car.

The theories on which plaintiff bases his right to recover judgment are:

First, that the action of defendant in taking possession of and selling the automobile was equivalent to a purchase of the car from Sweetman, who was a non-resident of the parish, and defendant rendered itself liable for the debt of plaintiff secured by chattel mortgage on the car, under the provisions of the chattel mortgage law (Act No. 198 of 1918), section five of which reads as follows:

"It shall be unlawful for a resident of any parish to purchase the movable property described in section 1 from any non-resident of such parish without first obtaining an affidavit from the non-resident that there is no mortgage on the property, nor any money due for the purchase price thereof, and the purchaser who shall buy the above referred to movable property without having obtained said affidavit shall be liable to the creditor for the debt secured by the property."

Second, that defendant had, by taking possession of and disposing of property, without due process of law, on which plaintiff had a privilege, deprived plaintiff of its security for its debt and thus became liable for the amount of plaintiff's claim.

The provision of the statute which renders the purchaser of movables from a non-resident of the parish without requiring an affidavit liable for debts bearing on the property, if subject to construction, may be said to place the purchaser under such circumstances in the position of a fraudulent grantee, or acquirer of the property, visiting upon him notice of the claim against the property, and holding him as if

he had conspired with the owner of the property to defeat the privilege or lien on the property, and in this way held applicable to any transaction by which the ownership of the property may be acquired, but in order to hold defendant liable under the statute the provision would have to be more liberally construed, so as to hold that one who may convert to his own use the movable property of a non-resident of the parish where the conversion takes place renders himself liable for any claim the payment of which is secured by privilege or lien on the property.

We are of the opinion that the provision of the statute must be strictly construed, and in order for the lien holder or person holding a privilege on the property to hold a third person liable for the debt, under the provisions of the statute, the facts must show that such third person had acquired the property from the debtor, and that the provisions of the statute cannot be extended to include a case where the property on which there is a lien or privilege has been converted by a third person to his own use without the consent of the debtor.

The second position is based upon the theory that defendant, by its action in taking possession and disposing of property on which plaintiff had a lien or privilege had committed a quasi offense, and that the plaintiff had thereby been deprived of its rights against the property, but conceding that one who converts to his own use property on which another has a lien or privilege renders himself liable to the holder of the lien or privilege, the action is one in damages, in which the value of the property at the time and place of conversion is the limit of recovery, unless under circumstances not presented here, and in such an action there should be an allegation of the value of the property, as well as proof, and aside from the fact,

as established by the evidence, that defendant, in taking possession of the property, was acting for the preservation of the property, which appears to have been abandoned by the owner, and that in disposing of the property defendant was not acting in moral bad faith, plaintiff failing to allege the value of the property, and there not being any evidence offered to show the value, we are of the opinion that he could not recover on the mere proof of the amount of his claim against the property.

The judgment appealed from is therefore reversed and plaintiff's demands rejected at its cost.